

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00258-CV

_____

IN THE INTEREST OF J.D., A CHILD

On Appeal from County Court at Law No. 1
Wichita County, Texas
Trial Court No. 13166-JR-E

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

Appellant Mother attempts to appeal from the "Decree of Termination," terminating her parental rights to J.D. The trial court signed the termination order on June 11, 2019; thus, Mother's notice of appeal was due on Tuesday, July 1, 2019. *See* Tex. Fam. Code Ann. § 263.405(a) (providing that appeals from final termination orders are accelerated); Tex. R. App. P. 26.1(b) (requiring notice of appeal in an accelerated case to be filed within twenty days of appealable order or judgment). Mother did not file her notice of appeal until July 12, 2019.

On July 17, 2019, we notified Mother that it appeared we lacked jurisdiction over this appeal because the notice of appeal was not timely filed. *See* Tex. R. App. P. 26.1(b). We advised her that this appeal could be dismissed unless she, or any party desiring to continue the appeal, filed a response showing grounds for continuing the appeal on or before July 29, 2019. *See* Tex. R. App. P. 42.3(a), 43.2(f). Mother did not file a response.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under rule 26.3.

2

*See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. However, when a motion for extension is implied, it is still necessary for the appellant to reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

Because Mother's notice of appeal was untimely and because Mother did not provide a reasonable explanation for needing an extension, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 2, 25.1(b), 26.3, 42.3(a), 43.2(f), 44.3; *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005) (affirming appellate court's judgment dismissing appeal from termination order for want of jurisdiction because notice of appeal was filed more than twenty days after the trial court's judgment was signed); *In re D.R.*, 02-15-00251-CV, 2015 WL 5172960, at *1 (Tex. App.—Fort Worth Sept. 3, 2015, no pet.) (mem. op.) (dismissing appeal from termination order for failure to timely file notice of appeal); *In re A.N.C.*, No. 02-09-00429-CV, 2010 WL 1006410, at *1 (Tex. App.—Fort Worth Mar. 18, 2010, no pet.) (mem. op.) (same).

/s/ Dana Womack

Dana Womack
Justice

Delivered: August 22, 2019

3